IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-405-FL

| | | |
|---|---|---|
| HARVEY L. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SHREEJI SWAMI, INC., and LRP HOTELS | ) | |
| OF KINSTON, LLC, doing business as | ) | |
| Holiday Inn Express Hotel and Suites/Kinston, | ) | |
| INTERCONTINENTAL HOTEL GROUP | ) | |
| RESOURCES, INC., INTERCONTINENTAL | ) | |
| HOTELS GROUP PLC, doing business as | ) | |
| Holiday Inn Express, HOLIDAY | ) | |
| HOSPITALITY FRANCHISING, LLC, and | ) | |
| IHG FRANCHISING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion for summary judgment (DE 42). Plaintiff filed his response in opposition to the motion, and defendants replied. The issues raised have been fully briefed and are ripe for adjudication. For the reasons that follow, the court grants defendants' motion for summary judgment.

**STATEMENT OF THE CASE**

Plaintiff, commenced this action pro se on November 22, 2016, in the United States District Court for the District of Maryland. Plaintiff alleges several different state law causes of action, including negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, punitive damages, and breach of the implied warranty of habitability. Plaintiff seeks compensatory and punitive damages in an amount no less than $8,000,000.00, reasonable attorney's

fees, and costs.

On December 21, 2016, defendants Holiday Hospitality Franchising, Inc., IHG Franchising, LLC, and Intercontinental Hotel Group Resources, Inc. filed partial answer and a motion to dismiss plaintiff's complaint. On December 23, 2016, defendant Shreeji Swami, Inc. ("Shreeji Swami") filed a motion to dismiss for improper venue. Upon consideration of defendant's motion, and of plaintiff's "consent to transfer" (DE 26), the court transferred the case to the United States District Court for the Eastern District of North Carolina on August 9, 2017.

Following the transfer, plaintiff obtained counsel. (See Notice of Appearance (DE 31)). Defendants Shreeji Swami and LRP Hotels of Kinston, LLC ("LRP Hotels") filed their answers to the complaint on August 30, 2017, and October 18, 2017. On November 21, 2017, the court entered its case management order, wherein it required discovery be completed by September 1, 2018, mediation be completed by September 1, 2018, and dispositive motions be filed by October 1, 2018.

On July 10, 2018, defendants filed the instant motion for summary judgment. Defendants argue that they cannot be found negligent because several of the named parties have no relationship with the transactions in dispute. Defendants also argue that those responsible for owning and operating the hotel cannot be found negligent, plaintiff did not suffer from severe emotional distress, that it should not be held liable for punitive damages, and that the implied warranty of habitability does not apply. In support of the motion, defendants attach a statement of material facts (DE 43), an appendix (DE 43-1), the affidavit of Jenny Tidwell ("Tidwell Aff." (DE 43-2)), the deposition of plaintiff ("Taylor Dep." (DE 43-3)), defendant Shreeji Swami's responses to plaintiff's first set of discovery requests ("Def. Resp. To Disc. Req." (DE 43-4)), and plaintiff's responses to defendant's first set of discovery requests ("Pl. Resp. To Disc. Req." (DE 43-5)).

Plaintiff responded in opposition, arguing that he has forecast sufficient evidence to withstand defendants' motion for summary judgment on his claims of negligence, negligent infliction of emotional distress, and punitive damages. (Pl. Resp. Opp. (DE 50) at 30). Plaintiff does not contest defendants' motion for summary judgment as to all claims against defendants Holiday Hospitality Franchising, Inc., IHG Franchising, LLC, Intercontinental Hotel Group Resources, Inc., and LRP Hotels. Plaintiff also does not contest defendants' arguments for dismissal of his intentional infliction of emotional distress and implied warranty of habitability claims against the remaining defendants. In support of his arguments, plaintiff filed an opposing statement of material facts (DE 51). Plaintiff also submitted a webpage noting problems with the elevator on the premises ("Feedback Webpage" (DE 50-1)), repair tickets from Triangle Elevator Service for the elevator dated 2013–14 ("Repair Tickets" (DE 50-2)), the deposition of Ken Elbertson ("Elbertson Dep." (DE 50-3)), and the deposition of Michael Sutton ("Sutton Dep." (DE 50-4)).

Defendants replied to plaintiff's response, again asserting that summary judgment should be granted as to all claims. Defendants supplemented their argument with an email from Triangle Elevator Service to Kalpesh Amin regarding the handling of the elevator defects ("Triangle Elevator Service Correspondence" (DE 52-1)).

## STATEMENT OF UNDISPUTED FACTS

The undisputed facts may be summarized as follows. Defendant Shreeji Swami is a North Carolina corporation, and was the owner and operator of the Holiday Inn Express Hotel located in Kinston, North Carolina, at all times relevant to instant dispute. (Statement of Facts (DE 43) ¶ 1). Plaintiff arrived at the Holiday Inn Express in Kinston, North Carolina, on Saturday, May 24, 2014 for a family reunion and stayed until Monday, May 26, 2014. (Taylor Dep. (DE 43-3) 24:1-7, 27:4-

28:9). Plaintiff was assigned a room on the second floor. (Taylor Dep. (DE 43-3) 29:30-30:2).

The hotel has one elevator. (Taylor Dep. (DE 43-3) 35:10-12). Plaintiff estimated that he used the elevator without issue approximately six times on May 24, the day before elevator malfunction in dispute. (Taylor Dep. (DE 43-3) 31:7-32:2). He further testified that he used the elevator roughly three times on May 25, before the incident occurred at approximately 7:00 PM on May 25, 2014. (Taylor Dep. (DE 43-3) 31:23-32:2). During the first or second use on May 25, 2014, plaintiff got on the elevator on the second floor and when he pushed the button to go down he felt a jerking motion. (Taylor Dep. (DE 43-3) 33:13-21). After noticing the car jerking, plaintiff told a hotel employee at the front desk, "[m]an, that elevator is tripping." (Taylor Dep. (DE 43-3) 33:22-34:9). Triangle Elevator Service, the company contracted to repair the elevator for defendant Shreeji Swami, had several maintenance tickets indicating the elevator had various problems from April 1, 2014 to June 16, 2014. (Repair Tickets (DE 50-2) at 3-5).

Later that day, at approximately 7:00 PM on May 25, 2014, plaintiff entered the elevator on the first floor to go to his room on the second floor. (Taylor Dep. (DE 43-3) 31:4-9, 35:13-24). A male individual who plaintiff took to be the hotel's handyman, later identified as the hotel's chief engineer, also got on the elevator. (Taylor Dep. (DE 43-3) 41:19-42:15). When the handyman pressed the button to go to the second floor nothing happened; he then pressed a button again and the elevator door closed and the elevator lights dimmed. (Taylor Dep. (DE 43-3) 43:6-14). The elevator buzzer activated and the handyman attempted to use a key and then used his cell phone to report the issue. (Taylor Dep. (DE 43-3) 43:15-25). Plaintiff testified that the elevator made a "jerk-like movement" but never left the first floor. (Taylor Dep. (DE 43-3) 46:6-18). Plaintiff also called a family member and told him that they were stuck in the elevator. (Taylor Dep. (DE 43-3)

4

44:1-5). The door subsequently opened and plaintiff was able to exit the elevator. (Taylor Dep. (DE 43-3) 45:5-9).

Plaintiff testified that at the time of this incident he was already under medical care for the following conditions: claustrophobia, depression, anxiety, post-traumatic stress disorder, sciatica, and hypertension. (Taylor Dep. (DE 43-3) 63:23-64:3, 79:3-20). He states he was diagnosed with claustrophobia in 2006. (Taylor Dep. (DE 43-3) 65:11-13). Although plaintiff testified that on one or two occasions he has been frightened about being on an elevator, he uses elevators at work several times a day, five days a week. (Taylor Dep. (DE 43-3) 59:15-61:5).

With respect to his other mental and physical conditions, including post-traumatic stress disorder and claustrophobia, plaintiff testified that he does not recall any medical care provider who indicated that these conditions or the need for treatment was caused by the subject incident. (Taylor Dep. (DE 43-3) 82:15-86:20). He was not diagnosed with any new mental or physical conditions that were caused by this incident. (Taylor Dep. (DE 43-3) 87:12-16). In this matter, plaintiff contends that his pre-existing mental conditions were exacerbated by the elevator incident. (Taylor Dep. (DE 43-3) 87:17-24).

Additional facts pertinent to the motion will be discussed below.

**DISCUSSION**

A.     Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes

5

demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal quotation omitted). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party).

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir.

2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489-90.

B.     Analysis

   1.     Claims Against Other Defendants Except Defendant Shreeji Swami

In several paragraphs of their statement of facts, all defendants but defendant Shreeji Swami and defendant Intercontinental Hotels Group, PLC,[1] assert they do not have a relationship with the hotel in question that would subject them to liability for the actions complained of in the instant lawsuit. (See Statement of Facts (DE 43) ¶¶ 2-28; Tidwell Aff. (DE 43-2)). Plaintiff concedes these facts in its response to defendants' statement of material facts. (See Opp. Statement of Facts (DE 51) at 1). Having admitted for purposes of the motion that all moving defendants except defendant Shreeji Swami do not have an actionable connection to the case at bar, see Local R. Civ. P. 56.1(a)(2), the court grants summary judgment for all claims as to defendants LRP Hotels of Kinston, LLC, Intercontinental Hotel Group Resources, Inc., Holiday Hospitality Franchising, LLC, and IHG Franchising, LLC. Since the docket fails to disclose plaintiff served defendant Intercontinental Hotels Group, PLC, plaintiff is required to show cause as to why service has not been made, and why judgment should not be entered on the same grounds as the other defendants in this matter. The remainder of the court's discussion focuses on defendant Shreeji Swami only.

   2.     Claims Against Shreeji Swami

      a.     Negligent Infliction of Emotional Distress

Defendant seeks dismissal of plaintiff's negligent infliction of emotional distress claim,

---

[1] A review of the docket indicates that defendant Intercontinental Hotels Group, PLC has not been served in this case.

arguing that plaintiff has failed to show that defendant's alleged negligence caused him severe emotional distress, or alternatively that such severe emotional distress was reasonably foreseeable.

To state a claim for negligent infliction of emotional distress, plaintiff must allege that "(1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress (often referred to as 'mental anguish'), and (3) the conduct did in fact cause the plaintiff severe emotional distress." Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A., 327 N.C. 283, 304 (1990). "'[S]evere emotional distress' means any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." Id.

"[P]roof of severe emotional distress does not require medical expert testimony." Coffman v. Roberson, 153 N.C. App. 618, 627–28 (2002) (citing Johnson, 327 N.C. at 300). "Testimony of friends, family, and pastors can be sufficient to support a claim for negligent infliction of emotional distress." Williams v. HomEq Servicing Corp., 184 N.C. App. 413, 419 (2007). "However, . . . dismissal of a claim for negligent infliction of emotional distress is proper when the 'plaintiff fails to produce any real evidence of severe emotional distress.'" Id. (finding plaintiffs' testimony stating they suffered from chronic depression insufficient to survive summary judgment).

Plaintiff has failed to provide real evidence that defendant's alleged negligence caused him severe emotional distress. See Williams, 184 N.C. App. at 419. The only evidence that plaintiff offers in response to the instant motion for summary judgment is his own, uncorroborated testimony of his medical conditions and the effect that the alleged negligence had on him. (See Taylor Dep. (DE 43-3) 79:3-94:22). Consequently, plaintiff fails to show on the record before the court that defendant Shreeji Swami's alleged negligence caused him injury resulting in severe emotional

8

distress.

Plaintiff contends that his testimony alone is sufficient to raise a genuine issue of material fact as to whether he suffered from severe emotional distress. However, North Carolina law makes clear that although medical expert testimony is not required, some additional corroboration beyond plaintiff's statements must be shown for a negligent infliction of emotional distress claim to survive. See Waddle, 331 N.C. at 84 ("It is for the court to determine whether on the evidence severe emotional distress can be found."); Williams, 184 N.C. App. at 419 (requiring testimony beyond that offered by plaintiffs to survive summary judgment); Pacheco v. Rogers & Breece, Inc., 157 N.C. App. 445, 451 (2003) (rejecting plaintiff's argument that severe emotional distress can be inferred by the court as a matter of law).

Plaintiff also contends that he has offered adequate proof of his medical conditions by listing his treating physicians on his discovery disclosures and offering defendant plaintiff's medical records to establish plaintiff's diagnosis. (Pl. Resp. Opp. (DE 50) at 23). While plaintiff did list his treating physicians in his disclosures to defendants, the disclosure does not reveal any information about plaintiff's alleged severe emotional distress or its connection to the accident. (See Pl. Resp. To Disc. Req. (DE 43-5) at 3). Moreover, plaintiff failed to submit his medical records for consideration at summary judgment, and therefore they are not before this court. Having failed to raise a genuine issue of material fact as to whether defendant Shreeji Swami's alleged negligence caused defendant severe emotional distress, the court grants defendant Shreeji Swami's motion for summary judgment as to plaintiff's negligent infliction of emotional distress claim.

    b.  Negligence

Plaintiff also asserts that defendant Shreeji Swami was negligent in maintaining the premises of its hotel.

To prove common law negligence, plaintiff must establish "(1) a legal duty; (2) a breach thereof; and (3) injury proximately caused by the breach." Bridges v. Parrish, 366 N.C. 539, 541 (2013) (internal citations omitted). Plaintiff's complaint does not articulate any damages to his person or property as a proximate cause of the accident, aside from damages that flow from allegedly aggravating his preexisting mental and emotional health conditions. (See, e.g., Taylor Dep. (DE 43-3) 79:3-94:22). Consequently, the court grants summary judgment as to plaintiff's negligence claim for the reasons stated in its discussion of plaintiff's negligent infliction of emotional distress claim. Because plaintiff fails to demonstrate a genuine issue of material fact as to injury, the court does not reach arguments raised by the parties concerning the remaining elements of negligence.

   c. Intentional Infliction of Emotional Distress

Defendant seeks summary judgment on plaintiff's claim for intentional infliction of emotional distress.

To prove intentional infliction of emotional distress, plaintiff must show "(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress to another." Dickens v. Puryear, 302 N.C. 437, 452 (1981). Extreme and outrageous conduct is that which "exceeds all bounds of decency tolerated by society[.]" West v. King's Dept. Store, Inc., 321 N.C. 698, 704 (1988). "[S]evere emotional distress as "any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." Johnson, 327 N.C. at 304.

The record fails to disclose evidence which shows defendant Shreeji Swami's actions were intended to cause severe emotional distress. Plaintiff asserts that defendant Shreeji Swami's

10

"intentional conduct" consisted of failing to provide notice to him of the problem. (Taylor Dep. (DE 43-3) 71:23-72:12). Plaintiff's statements describe a negligent act, rather than an intentional one. Moreover, when describing his relationship to defendant Shreeji Swami, plaintiff stated he "was a business patron, an invitee, a customer and a victim of the negligence of these defendants." (Pl. Resp. To Disc. Req. (DE 43-5) at 6) (emphasis added).

Plaintiff does not contest defendant Shreeji Swami's motion concerning this claim. Consequently, the court grants defendant Shreeji Swami's summary judgment motion as to plaintiff's intentional infliction of emotional distress claim.

    d.  Breach of Contract/Implied Warranty of Habitability

Defendant Shreeji Swami seeks summary judgment as to plaintiff's contract and implied warranty of habitability claims.

Tenants may bring an action for breach of the implied warranty of habitability, seeking rent abatement, based on their landlord's noncompliance with N.C. Gen. Stat. § 42–42(a). However, "transient occupancy in a hotel, motel, or similar lodging…" is a specific statutory exception under N.C. Gen. Stat. § 42-39(a). Here, plaintiff was a guest at defendant's hotel. (See Taylor Dep. (DE 43-3) 27:7-28:16, 62:17-63:4). Therefore, plaintiff's implied warranty of habitability claim fails as a matter of law.

Additionally, plaintiff's contract claim fails to forecast any damages flowing from the alleged breach of contract. See, e.g., Tillis v. Calvine Cotton Mills, Inc., 251 N.C. 359, 366 (1959) ("The amount that would have been received if the contract had been kept and which will completely indemnify the injured party is the true measure of damages for its breach."); Lamm v. Shingleton, 231 N.C. 10, 14 (1949) (holding damages for emotional distress are only recoverable when the subject of the contract is personal in nature and coupled with matters of mental concern or

11

solicitude). As a result of plaintiff's complaints following the incident, the hotel credited plaintiff's credit card so that he was not charged for his room that weekend and the hotel also gave him bonus hotel reward points. (Taylor Dep. (DE 43-3) 55:11-56:7).

Plaintiff does not contest defendant's motion as to his contract and implied warranty of habitability claims. Therefore, based on the foregoing, the court grants defendant Shreeji Swami's motion as to plaintiff's breach of contract and implied warranty of habitability claims.

   e.  Punitive Damages

Finally, defendant Shreeji Swami seeks summary judgment as to plaintiff's claims for punitive damages.

Under North Carolina law, "punitive damages may be awarded . . . to punish a defendant for egregiously wrongful acts and to deter the defendant and others from committing similar wrongful acts." N.C. Gen. Stat. § 1D-1. "Punitive damages may be awarded only if the claimant proves that the defendant is liable for compensatory damages and that [fraud, malice, or willful or wanton conduct] was present and was related to the injury for which compensatory damages was awarded[.]" Id. § 1D-15(a). As discussed above, plaintiff has failed to show defendant is liable for compensatory damages. Consequently, the court grants defendant's motion for summary judgment as to defendant Shreeji Swami's punitive damages claim.

**CONCLUSION**

Defendants' motion for summary judgment (DE 42) is GRANTED for the reasons set forth herein. Where all movants have been dismissed from this action, defendants' motion to exclude plaintiff's expert witnesses (DE 53) is DENIED AS MOOT.

A review of the docket indicates that defendant Intercontinental Hotels Group, PLC, was never served in this matter. Therefore, plaintiff is DIRECTED to show cause within 14 days why

this action should not be dismissed for failure to failure to serve defendant Intercontinental Hotels Group, PLC. Plaintiff is further DIRECTED to show cause within 14 days why this action should not be dismissed as to defendant Intercontinental Hotels Group, PLC, on the same grounds as the other defendants in this action. In the event plaintiff does not respond to show cause, defendant Intercontinental Hotels Group, PLC, is DISMISSED for lack of service and on the same grounds as the other defendants in this action, and the clerk thereupon is DIRECTED to close this case.

SO ORDERED, this the 14th day of January, 2019.

LOUISE W. FLANAGAN
United States District Judge